**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **CLAUDIA UNGER,** | ) CASE NO. 1:08 CV 2000 |
| **Plaintiff,** | ) |
| v. | ) **JUDGE DONALD C. NUGENT** |
| **CITY OF MENTOR, et al.,** | ) |
| **Defendants.** | ) <u>**MEMORANDUM OPINION**</u> |

This matter is before the Court on the Motion to Dismiss of Defendants City of Mentor, Christopher Cooperrider, and Kurt Kraus (Docket #8).

The Complaint in this case arises out Plaintiff, Claudia Unger's allegations that she was intentionally misclassified as a seasonal employee to preclude her from union membership. Ms. Unger alleges that in retaliation for filing unfair labor practice charges with the State Employee Relations Board ("SERB") against the City, she was laid off as a seasonal employee.

Count I of Ms. Unger's Complaint alleges that Defendants violated her rights under the First Amendment to the United States Constitution and her constitutional right to peaceably assemble, and her right to collectively unionize under Ohio Rev. Code § 4117.01 et seq and Ohio Rev. Code § 4117.03, et seq., in violation of 42 U.S.C. § 1983. Count II of Ms. Unger's Complaint seeks punitive damages from Defendants Cooperrider and Kraus, in their individual

capacities, for the violation of the rights and privileges alleged in Count I of the Complaint. Count III of Ms. Unger's Complaint alleges that Defendants wrongfully terminated her in contravention of public policy as evidenced by the National Labor Relations Act, 29 U.S.C. § 151 et seq; 29 U.S.C. § 157 et seq.; 29 U.S.C. § 158 et seq.; Ohio Rev. Code § 4117 et seq.; and, the First Amendment to the United States Constitution. Count IV of the Complaint alleges that Defendants breached an oral employment contract with Ms. Unger in terminating her employment. Count V of the Complaint alleges Defendants discriminated against her on the basis of sex in violation of Ohio Rev. Code § 4112.02 et seq. Count VI of the Complaint alleges that Defendants engaged in wage discrimination under the Equal Pay Act, 29 U.S.C. § 206(d).

Defendants ask this Court to dismiss all of Ms. Unger's claims pursuant to Fed. R. Civ. P. 12(b)(6).

Defendants argue as follows:

    A.    Unger's Section 1983 Claim in Count I is Legally Deficient and Must Be Dismissed.

        1.    To the Extent that Unger's Section 1983 Claim is Premised Upon an Alleged Infringement of Unger's Rights under Ohio's Public Employee Collective Bargaining Law, Her Claim is Barred, Because Ohio's State Employment Relations Board Has Exclusive Jurisdiction Over Such Claims, and This Court Must Abstain from Disrupting Ohio's Regulatory Scheme.

        2.    To the Extent that Unger's Section 1983 Claim is Premised Upon Alleged Violations of Unger's First Amendment Rights, Her Claim is Barred Because Her Allegations, Even if True, Do Not Invoke Any First Amendment Rights.

        3.    The City Cannot Be Held Liable Under Section 1983 Based on Respondeat Superior.

        4.    Defendants Cooperrider and Kraus are Entitled to Qualified Immunity on Unger's Section 1983 Claim.

       5.       With Respect to Unger's Section 1983 Claim Against Kraus, Unger Has Failed to Plead The Claim with Enough Specificity to Give Kraus Fair Notice of the Claim.

   B.       Unger's Claim for Section 1983 Punitive Damages against Cooperrider and Kraus in Count II is Barred and Must Be Dismissed.

   C.       Unger's Claim for Wrongful Discharge in Count III is Barred and Must Be Dismissed.

       1.       Unger Cannot Premise her Wrongful Discharge Claim on the Public Policy in the National Labor Relations Act or Ohio Revised Code Chapter 4117 Because She is Undisputedly Not Protected By Either Policy.

       2.       Unger Cannot Sue Based on the Public Policy in the First Amendment.

   D.       Unger's "Oral Employment Contract" Claim in Count IV Must Be Dismissed Because Unger Has Not Alleged That Any Such Contract Was Authorized by a Valid Ordinance of the City of Mentor.

   E.       Unger's Equal Pay Act Claim in Count VI Must Be Dismissed Because Unger Has Failed to Plead The Claim with Enough Specificity to Give Defendants Fair Notice of the Claim.

   F.       Unger's Equal Pay Act Claim in Count VI Must Be Dismissed to the Extent Unger Seeks Remedies Unavailable Under That Act.

   G.       Since All Federal Claims Are Subject to Dismissal, This Court Should Decline Supplemental Jurisdiction and Dismiss the Remainder of Unger's Complaint Without Prejudice.

Ms. Unger filed her Brief in Opposition to Defendants' Motion to Dismiss on November 19, 2008. (Docket #14.) First, Ms. Unger argues that SERB does not have exclusive jurisdiction to hear matters committed to it pursuant to Ohio Rev. Code Chapter 4117. Ms. Unger asserts that the doctrine of abstention does not apply to her case and, that even if her Section 1983 claim were barred with respect to her rights under Chapter 4117, her Section 1983 claim also alleges a

-3-

violation of her First Amendment rights.

Second, Ms. Unger argues that she has sufficiently pled a Section 1983 claim based on an alleged violation of her First Amendment rights. Specifically, Ms. Unger states that she has established a prima facie case for First Amendment retaliation. Ms. Unger asserts that she exercised her freedom of speech by criticizing the politics of the City of Mentor; by making inquiries and requests for her and other seasonal workers to be granted union membership; and, by filing charges with SERB. Ms. Unger claims that her employment was terminated as a result. Ms. Unger argues that her speech was a matter of public concern, proof of which is necessary for a public employee to state a valid claim for a violation of rights under the First Amendment. Ms. Unger argues that her activities were motivated by the desire to provide information necessary and appropriate to enable "fellow seasonal workers" "to make informed decisions about the operation of their government."

Relative to her Section 1983 claim, Ms. Unger asserts that the City of Mentor should be held liable under the theory of respondeat superior, arguing that it was the execution of a governmental policy or custom, alleged to be the misclassification of employees as seasonal to preclude union membership, which resulted in the alleged violation of her rights. Further, Ms. Unger argues that Defendants Cooperrider and Kraus are not entitled to qualified immunity on Ms. Unger's Section 1983 Claim because their actions violated clearly established statutory and constitutional rights. Finally, Ms. Unger states that her Section 1983 claim is pled with enough specificity to give Defendant Kraus fair notice of the claim.

Third, Ms. Unger argues that her claim for punitive damages against Cooperrider and Kraus under Count II of the Complaint should not be dismissed because they are not entitled to qualified immunity and the Complaint provides fair notice to Kraus of the claim against him.

Ms. Unger alleges that Defendants Cooperrider and Kraus intentionally classified Ms. Unger and others as seasonal to preclude them from pay and benefits and, therefore, that she should be awarded punitive damages.

Fourth, Ms. Unger argues that her claim for wrongful discharge under Count III is not barred and should not be dismissed.  Ms. Unger states that the Defendants Cooperrider and Kraus are not excluded from coverage under the National Labor Relations Act; that Defendants cannot argue that she is excluded from coverage under Ohio Rev. Code § 4117.01(C)(17) as a "seasonal employee" because the basis of her lawsuit is that she was misclassified; that she has demonstrated the jeopardy element of a public policy claim; and, that the First Amendment provides a valid basis for her public policy claim.

Fifth, Ms. Unger argues that her claim for breach of an oral employment contract should not be dismissed because there was no requirement under City ordinance or Chapter 7 of the Ohio Revised Code that her contract be authorized.  Ms. Unger alleges that an employment document exists, which she has never seen, which states that she was to work from March 5, 2007 until September 30, 2007, and that the 6-month contract would not rise to the $25,000 threshold for public bidding set forth in Ohio Rev. Code § 735.05.  Finally, Ms. Unger states that the City of Mentor Charter provisions relied on by Defendants are permissive rather than mandatory.

Sixth, Ms. Unger states that her Equal Pay Act claim, brought pursuant to 29 U.S.C. § 206(d), should not be dismissed because it has been pled with enough specificity to provide Defendants with fair notice of her claim.  Ms. Unger alleges that Defendants engaged in wage discrimination, paying different wages to employees of opposite sexes for equal work on jobs requiring equal skill effort, and responsibility, and which are performed under similar working

conditions. In addition, Ms. Unger asserts that under the Equal Pay Act, 29 U.S.C. § 216, she may seek remedies including back wages, liquidated damages, and attorney fees and costs.

On December 4, 2008, Defendants filed their Reply Brief. (Docket #18.) Defendants argue that abstention applies to bar this Court's review of Ms. Unger's Section 1983 claim premised on violations of Ohio Revised Code Chapter 4117. Further, Defendants argue that Ms. Unger does not have the First Amendment rights that she claims. Specifically, Defendants state that Ms. Unger has no protected right under the First Amendment to request or demand that the City hear her request for union membership or collective bargaining, or accede to such a request. Further, Defendants argue that Ms. Unger has failed to show how her speech touches on a matter of public concern.

Defendants also argue that Ms. Unger has failed to allege and prove that the City engaged in "active unconstitutional behavior" and, therefore, that her respondeat superior claim should be dismissed. Defendants assert that Ms. Unger has failed to show that the City had a policy or custom of infringing upon employees' constitutional rights.

Relative to Defendants Cooperrider and Kraus, Defendants reiterate the argument that both are entitled to qualified immunity. Further, relative to Defendant Kraus, Defendants assert that Ms. Unger has not pled her claim with enough specificity so that Kraus could understand the claim against him. Defendants state that there is no basis upon which Ms. Unger may sustain her claims for punitive damages against Cooperrider and Kraus.

Defendants also argue that Ms. Unger's common-law wrongful discharge claim must fail, and misstates applicable law. Defendants assert that the National Labor Relations Act specifically excludes from its coverage any State or political subdivision thereof. 29 U.S.C. § 152(2). Therefore, her supervisors could not have been subject to any public policy

-6-

requirements of the NLRA. Further, Defendants argue that any public policy claim raised pursuant to Ohio Rev. Code Chapter 4117 are baseless, as Ms. Unger has no claim under Chapter 4117. Defendants also assert that Ms. Unger has not satisfied the jeopardy requirement of a public policy claim, because Ms. Unger's claims are already redressable through an existing statutory remedial scheme. Defendants state that if Ms. Unger had a First Amendment claim against them, Ms. Unger could obtain full relief through a Section 1983 claim.

Relative to Ms. Unger's claim that Defendants breached an oral employment contract with her, Defendants reiterate their argument that any contract must be approved by a proper ordinance of the City of Mentor. Defendants state that Ms. Unger has failed to present any evidence of an authorized contract and, therefore, her breach of contract claim has no merit.

With regard to Ms. Unger's Equal Pay Act claim, Defendants argue that Ms. Unger has offered no particulars whatsoever to support her claim, and has given the City of Mentor no idea why it is being sued under the Equal Pay Act. Further, Defendants state that Ms. Unger misstates the law concerning the remedies available under the Equal Pay Act.

Finally, Defendants argue that because all of Ms. Unger's Federal claims should be dismissed, this Court should decline to exercise supplemental jurisdiction and dismiss the remainder of the Complaint.

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See*

*Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

**I.      Counts I - Claims pursuant to 28 U.S.C. § 1983.**

Counts I and II of the Complaint arise from Ms. Unger's assertion that her rights under Ohio Rev. Code Chapter 4117 and the First Amendment to the United States Constitution were violated by Defendants. Specifically, Ms. Unger claims that Defendants, acting under color of State law, deprived Ms. Unger of her First Amendment rights and her constitutional right to

peaceably assemble, and her right to collectively unionize under Ohio Rev. Code Chapter 4117. Ms. Unger alleges that Defendants Cooperrider and Kraus, individually, acted willfully to deprive her of those rights.

### A. Ohio Rev. Code Chapter 4117.

Defendants urge this Court to dismiss Ms. Unger's Section 1983 claim to the extent that it is based on an alleged violation of her rights under Chapter 4117. As set forth above, Defendants argue that SERB has exclusive jurisdiction over Ms. Unger's claim and, therefore, that this Court may not entertain her claims.

Ohio Rev. Code Chapter 4117, entitled Public Employees' Collective Bargaining, was enacted to establish a comprehensive scheme to facilitate the orderly resolution of labor disputes involving public authorities. *Central Ohio Transit Auth. v. Transport Workers Union of America, Local 208*, 37 Ohio St. 3d 56, 62, 524 N.E.2d 151, 155-156 (1988). However, "'SERB does not have exclusive jurisdiction over every claim that can somehow be cast in terms of an unfair labor practice.'" *Gilbert v. The Correction Reception Center*, Case No. 2:07 CV 624, unreported, 2008 U.S. Dist. LEXIS 70904, at \*21 (S.D. Ohio Sept. 19, 2008) (quoting *Keller v. City of Columbus*, 100 Ohio St. 3d 192, 195 (Ohio 2003)). "Ohio Courts have held that even though SERB has exclusive jurisdiction over claims of unfair labor practices, courts are not prohibited from exercising jurisdiction over federal civil rights claims." *Gilbert*, 2008 U.S. Dist. LEXIS 70904 at \*22 (citing *Weinfurtner v. Nelsonville-York Sch. Dist. Bd. of Educ.*, 77 Ohio App. 3d 348, 356, 602 N.E.2d 318, 323 (Ohio Ct. App. 1991) (holding that "since federal civil rights claims exist independently of R.C. Chapter 4117," common pleas courts have jurisdiction over claims brought under 42 U.S.C. § 1983)). "A Federal court is not precluded from hearing a

§ 1983 claim just because the underlying facts may amount to an unfair labor practice that could be heard by SERB." *Cermile v. Hall*, Case No. 4:93 CV 2481, unreported, 1996 U.S. Dist. LEXIS 22946, at *13 (N.D. Ohio Mar. 27, 1996). Accordingly, this Court finds Defendants' argument to be without merit.

However, Ohio Rev. Code § 4117.01 specifically excludes from it's definition of "public employee," "seasonal and casual employees as determined by the state employment relations board." Ohio Rev. Code § 4117.01(C)(13). The SERB Board Meeting Minutes dated November 8, 2007 expressly state that Ms. Unger "was not a public employee as defined in Ohio Rev. Code § 4117.01." Therefore, to the extent that Ms. Unger bases her Section 1983 claim on a violation of her rights under Chapter 4117, her claim is dismissed.

### B. The First Amendment.

Ms. Unger also relies on the First Amendment relative to her Section 1983 claim. The elements of a First Amendment retaliation claim are (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Kraemer v. Luttrell*, 189 Fed. Appx. 361, 366-67 (6th Cir. 2006) (quotations omitted). Where the plaintiff is a government employee, he must also demonstrate that his speech touched on matters of public concern, and that his "interest in commenting on matters of public concern . . . outweigh[ed] the interest of the State, as an employer, in promoting the efficiency of the public services it performs through its employees." *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1048 (6th Cir. 2001).

The Court in *Connick v. Myers*, 461 U.S. 138, 142 (1983), set forth a three-step inquiry

-10-

for determining if a public employer violates the First Amendment by firing a public employee for engaging in speech or association. *Id.* at 142. The Court must first determine whether the speech addresses a matter of public concern. If so, the Court must balance the employee's interests "as a citizen, in commenting upon matters of public concern and the interest of the state, as an employer, in promoting the efficiency of the public service it performs through its employees." *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968). If the balance favors the employee, the court must then determine whether the speech or association was a substantial or motivating factor in the employer's decision to take adverse employment action. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 287 (1977).

Whether the employee's speech or association addressed a matter of public concern is a matter of law for the Court to decide. *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 897 (6th Cir. 2003). Matters of public concern are those that can "be fairly considered as relating to any matter of political, social, or other concern to the community[.]" *Connick*, 461 U.S. at 146. "Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record." *Id.* at 147-48.

In *Van Compernolle v. City of Zeeland*, 241 Fed. Appx. 244 (6th Cir. 2007), the Sixth Circuit thoroughly discussed the appropriate inquiry in determining whether speech is a matter of public concern:

> This Court has stated that "speech is of 'public concern' if it involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *Farhat*, 370 F.3d at 590 (citing *Rodgers v. Banks*, 344 F.3d 587, 596 (6th Cir. 2003)). "Such matters of public concern are to be contrasted with internal personnel disputes or complaints about an employer's performance." *Brandenburg,* 253 F.3d at 898. Yet, "[t]he fact that the public employee engages in the speech while in the course

-11-

> of his or her employment does not preclude a finding that the speech touches upon a matter of public concern." *Farhat*, 370 F.3d at 590. Further, the employee's motive for speaking is relevant to the analysis but is not dispositive. *Id.* at 590-91. More significant than why the employee spoke is what the employee intended to communicate by speaking. *See Id.* at 591-92. Based on these principles we must examine: "the focus of the speech; the point of the speech in question; to what purpose the employee spoke; the intent of the speech; or the communicative purpose of the speaker." *Id.* at 592 (internal quotation marks omitted). Finally, as a "corollary" to the focus test, "the proper inquiry is *not* what might be 'incidentally conveyed' by the speech, and that 'passing' or 'fleeting' references to an arguably public matter do not elevate the speech to a matter of 'public concern' where the 'focus' or 'point' of the speech advances only a private interest." *Id.* at 592-93.

*Van Compernolle*, 241 Fed. Appx. at 249.

Employee grievances or other private disputes generally do not constitute a matter of public concern. *Id.* at 250 (citing *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1052 (6th Cir. 2001)). Further, stating that speech and activities were undertaken on behalf of other public employees does not elevate the speech to a matter of public concern. *Van Compernolle*, 241 Fed. Appx. at 251-52.

In this case, Ms. Unger alleges that on or about May 16, 2007, and many times prior thereto, she made inquiries and requests on her behalf and for fellow seasonal workers to be granted Union membership and that the City refused to reclassify her to prevent Union participation. Complaint at ¶ 16. Ms. Unger alleges that she was laid off as a seasonal employee in retaliation for filing unfair labor practices charges against the City with SERB. Id. at ¶¶ 23-24. In her Brief in Opposition to Defendants' Motion to Dismiss, Ms. Unger states that through her speech and actions, she was "criticizing the politics of the City", "making inquiries and requests on her behalf and for fellow seasonal workers who may not have known of their status to be granted union membership" and, enabling "fellow seasonal workers to make informed decisions about the operation of their government."

The above-described conduct does not rise to the level of speech that can be classified as a "matter of public concern." Ms. Unger's speech and grievance activity relates to an internal personnel matter - Ms. Unger's desire that she and other City employees not be classified as seasonal employees and that they be afforded Union membership. Ms. Unger's claims do not involves issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government. Accordingly, to the extent that Ms. Unger's Section 1983 claims are based upon an alleged violation of her First Amendment rights, they must be dismissed

Based on the foregoing, Count I of the Complaint is dismissed in its entirety.

## II.     Count II-Punitive Damages.

In Count II of the Complaint, Ms. Unger seeks punitive damages against Defendants Cooperrider and Kraus for the violations alleged in Count I of the Complaint. As set forth above, Ms. Unger does not set forth a viable Section 1983 claim. Accordingly, Count II of the Complaint is dismissed.

## III.    Count III - Public Policy Claims.

For the reasons that follow, Count III of the Complaint is dismissed in its entirety.

### A.     The National Labor Relations Act, 29 U.S.C. § 151 *et seq*.

29 U.S.C. § 151 declares that it is the policy of the United States to encourage the practice and procedure of collective bargaining and protect the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection. 29 U.S.C. § 151 is concerned with the denial by employers of the right of employees to organize and the refusal by some employers to accept the procedure of

collective bargaining and the effect of said denial on commerce.

29 U.S.C § 151 et seq expressly excludes from its coverage "any State or political subdivision thereof." 29 U.S.C. § 152(2).  Ms. Unger was a public employee, employed by a political subdivision, the City of Mentor, and is not covered by the NLRA.  Accordingly, to the extent that her public policy claim is based on the NLRA, her claim is dismissed.

### B. Ohio Rev. Code Chapter 4117.

As set forth above, Chapter 4117 specifically excludes from it's definition of "public employee," "seasonal and casual employees as determined by the state employment relations board." Ohio Rev. Code § 4117.01(C)(13).  Therefore, because Chapter 4117 does not apply to Ms. Unger, Ms. Unger's claim that her termination violated public policy as evidence by Ohio Rev. Code Chapter 4117 is hereby dismissed.

### C. The First Amendment.

As discussed above, Ms. Unger's speech and grievance activity is not a matter of public concern and, therefore, as a public employee her claims under the First Amendment must be dismissed.  Accordingly, to the extent that her public policy claim is premised on a violation of her First Amendment rights, Ms. Unger's claim is dismissed.

### IV. Count IV - Breach of Oral Employment Contract.

The Complaint alleges on or about January 2007, Defendants entered into an oral employment contract with her and breached said oral contract by terminating her employment on or about August 8, 2007.  The Complaint claims that the City is in possession of an employment document stating that Ms. Unger was to work from March 5, 2007 until September 30, 2007, although she states that she never saw said document, nor was she ever advised of the terms of the document.

Ms. Unger alleges that the City of Mentor breached an oral employment contract with her. Generally, municipalities cannot be bound to a contract unless the agreement is formally ratified through proper channels. *Cooney v. City of Independence*, Case No. 66509, unreported, 1994 Ohio App. LEXIS 5290 (8th Dist. Nov. 23, 1994). Title VII of the Ohio Revised Code deals with municipal corporations. Ohio Rev. Code § 705.11, entitled "Village solicitor or city director of law; duties," provides in pertinent part as follows:

> [The city director of law] shall prepare all contracts, bonds, and other instruments in writing in which the municipal corporation is concerned, and shall indorse on each his approval of the form and the correctness thereof. No contract with the municipal corporation shall take effect until the approval of the . . . city director of law is indorsed thereon.

The Court acknowledges that when ratified through the proper channels, a city may enter into an employment contract. However, Ms. Unger does not allege that such a contract was in force. The alleged existence of a document that listed dates of employment, which Ms. Unger admits she has never seen and did not know anything about, does nothing to establish or validate Ms. Unger's breach of oral contract claim. Accordingly, Count IV of the Complaint is hereby dismissed.

**V.     Count V - State Law Discrimination Claim.**

Defendants do not argue for dismissal of Ms. Unger's sex discrimination claim brought pursuant to Ohio Rev. Code § 4112.01 et seq., aside from asserting that Ms. Unger's Federal claims are subject to dismissal and, therefore, that the Court should dismiss the remainder of the Complaint without prejudice.

**VI.    Count VI - Equal Pay Act, 29 U.S.C. § 206(d).**

To establish a prima facie case of wage discrimination under the EPA, the plaintiff must demonstrate that an employer pays "different wages to employees of opposite sexes 'for equal

-15-

work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" *EEOC v. Romeo Cmty. Schs.*, 976 F.2d 985, 987 (6th Cir. 1992) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)).  The job functions of two individuals need  not be identical to be considered "equal work" under the EPA.  *Vehar v. Cole National Grp., Inc.*, 251 Fed. Appx. 993; *Beck-Wilson v. Principi*, 441 F.3d 353, 359 (6th Cir. 2006) (citing *Shultz v. Wheaton Glass Co.*, 421 F.2d 259, 265 & n.10 (3d Cir. 1970)). Instead, there only needs to be a "substantial equality of skill, effort, responsibility, and working conditions." *Birch*, 392 F.3d at 161 (quoting *Odomes v. Nucare, Inc.*, 653 F.2d 246, 250 (6th Cir. 1981)). The question of whether the work of two employees is substantially equal "is determined on a case-by-case basis and 'resolved by an overall comparison of the work, not its individual segments.'" *Beck-Wilson*, 441 F.3d at 359-60 (quoting *Odomes*, 653 F.2d at 250). The focus at the prima facie stage is on actual job requirements and duties, rather than job classifications or titles. *Beck-Wilson*, 441 F.3d at 362 (citing *Brennan v. Owensboro-Daviess County Hosp.*, 523 F.2d 1013, 1017 & n.7 (6th Cir. 1975)); see also 29 C.F.R. § 1620.13(e) ("Application of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance.")

  Ms. Unger asserts that she "received a lower wage" than that of her "male counterparts for performance of equal work, requiring equal skill, effort and responsibility, performed under the same working conditions."  As set forth above, in order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* Aside from reciting the elements of a cause of action under the Equal Pay Act, there are no factual allegations in the Complaint relative to Count VI. Therefore, Ms. Unger has not sufficiently pled her claim in a way that raises her right to relief above speculation. Accordingly, Count VI of the Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendants (Docket #8) is hereby GRANTED. Further, as there are no Federal claims remaining, this Court declines to exercise supplemental jurisdiction over Ms. Unger's remaining state law claims and dismisses said claims without prejudice.

IT IS SO ORDERED.

                                          s/Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED: January 12, 2009